IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WILLIAMS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6293 |
| | : | |
| TERESA D. MILLER, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 27th day of January, 2026, upon consideration of Shawn Williams's Motion to Proceed *In Forma Pauperis* (ECF No. 2), Prisoner Trust Fund Account Statement (ECF No. 3), Complaint (ECF No. 1), and Motion for Leave to Amend and Review ECF No. 10 (ECF No. 15), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915. Accordingly, this case is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Complaint will be screened in due course.

2. Shawn Williams, #100871, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williams's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Warden or other appropriate

official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williams's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. Mr. Williams's Motion to Amend and to Review ECF No. 10 is **DENIED AS MOOT**.

6. The following claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for the reasons set forth in the Court's accompanying Memorandum: claims seeking money damages arising from violations of the Pennsylvania Constitution, and claims asserting violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. and Section 504 of the Rehabilitation Act.

7. Mr. Williams's claim seeking release from custody is **DISMISSED WITHOUT PREJUDICE** to his filing of a petition for writ of *habeas corpus*.

8. Mr. Williams's malicious prosecution claims are **DISMISSED WITHOUT PREJUDICE** to his filing a separate civil action in the event the pending state court criminal proceedings are resolved in his favor.

9. The following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for the reasons set forth in the Court's accompanying Memorandum: claim seeking declaratory or injunctive relief arising from violations of provisions of the Pennsylvania Constitution, Williams's Fourteenth Amendment

claims, and his claims asserting violations of the Mental Health Procedures Act, 50 P.S. §7101 *et seq*. and Mental Retardation Act.

10. Mr. Williams may file an amended complaint within thirty (30) days of the date of this Order **to reassert the claims listed in Paragraph 9 *only***. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Williams's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Williams should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. **Mr. Williams should not include in his amended complaint any claim that has been dismissed with prejudice or severed from this case.** Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court

11. The Clerk of Court is **DIRECTED** to send Williams a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Williams may use this form to file his amended complaint if he chooses to do so

12. If Mr. Williams does not wish to amend the claims listed in Paragraph 9 and instead intends to stand on those claims as originally pled in his Complaint, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at

which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims")

13.     If Mr. Williams fails to file any response to this Order, the Court will conclude that Williams intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint)

14.     For the reasons set forth in the Court's accompanying Memorandum, further consideration of Williams's Fourth Amendment claims for illegal search and seizure, false arrest, false imprisonment, Fifth Amendment claims for violation of his rights against self-

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

4

incrimination, Sixth Amendment speedy trial claims, and unspecified Fourteenth Amendment claims are **SEVERED** from the remaining claims asserted in the Complaint.

15. The Clerk of Court is **DIRECTED** to open a new civil action, and to file Williams's Complaint in that action. Additionally, the Clerk of Court shall file a copy of this Order and the accompanying Memorandum in that case.

16. If he seeks to pursue the claims listed in Paragraph 14, within thirty (30) days of the date of this Order, Mr. Williams must file an application for leave to proceed *in forma pauperis* along with a copy of his institutional account statement covering the six-month period preceding the entry of this Order. Because Williams is subject to the Prison Litigation Reform Act, he will be required to pay the $350 filing fee for that case in installments if he decides to purse those claims. Williams is placed on notice that those claims will be subject to a stay until his criminal proceedings end.

17. The Clerk of Court is **DIRECTED** to provide Williams with an appropriate long form prisoner application to proceed *in forma pauperis* with the docket number of the newly opened case.

18. The Clerk of Court is **DIRECTED NOT TO ISSUE SUMMONSES** at this time.

19. The time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days following the issuance of summonses by the Clerk of Court upon further order of the Court.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**GERALD A. MCHUGH, J.**